UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CLARENCE WILLIAMS | : | DOCKET NO. 2:12-CV-1308 |
| VS. | : | JUDGE MINALDI |
| UNION PACIFIC RAILROAD CO. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the court is a Motion for Partial Summary Judgment [Doc. 13], filed by the defendants, Union Pacific Railroad Co. ("UPR"), Chris Stanley, and John Kingery. The plaintiff, Clarence Williams, did not file an opposition. As the court finds the motion is fully briefed, it is ripe for review. For the foregoing reasons, Hartford's Partial Motion for Summary Judgment is GRANTED.

### FACTUAL BACKGROUND

This case arises out of injuries the plaintiff sustained in UPR's Lake Charles Railyard on April 21, 2010. The plaintiff initially filed his complaint in the Fourteenth Judicial Court of Calcasieu Parish, Louisiana,[1] and the defendants then timely removed the case to this court on the basis of diversity jurisdiction.[2] The defendants argued in their Notice of Removal that while not all parties were diverse from each other (namely, John Kingrey and Chris Stanley, the parties at issue in this motion), the court should not factor the non-diverse parties' citizenship into the

---

[1] Pl.'s Compl., [Doc. 1-2] at pp. 2 – 6.

[2] Not. of Removal, [Doc. 1].

1

jurisdictional calculus because they were improperly joined.[3] The plaintiff did not respond by filing a Motion to Remand.

Turning to the relevant facts, on the evening April 21, 2011, the plaintiff was walking through the Lake Charles Railyard as a shortcut to get to his mother's house.[4] As he walked through the railyard, he observed a freight train come in for a stop.[5] When the train stopped, the plaintiff decided to cross between the cars, at a point about twenty cars away from the lead engine.[6] As he stepped over the connecting pin lever between the cars, the train started up again, causing him to fall forward and land underneath one of the cars.[7] The plaintiff confirmed in his deposition that he did not see any of the railroad employees, and did not believe any of them saw him either.[8]

John Kingery was the engineer for the train, and Chris Stanley was the conductor.[9] Kingery and Stanley were sitting in the lead locomotive, facing forward.[10] They did not see the plaintiff at any time while he was walking through the railyard, and did not know that he had fallen underneath a car until they were informed several hours after the incident.[11]

---

[3] *Id.* at p. 2.

[4] Clarence Williams Deposition, Ex. A to Defs.' Mot. for [Doc. 13-3] at pp. 53 – 54.

[5] *Id.* at pp. 76 – 77.

[6] *Id.* at p. 77.

[7] *Id.* at pp. 84 – 86.

[8] *Id.* at p. 86.

[9] Aff. of John Kingery, Ex. B to Defs.' Mot. for Summ. J., [Doc. 13-4] at pp. 1 –2; Aff. of Chris Stanley, Ex. C to Defs.' Mot. for Summ. J., [Doc. 13-4] at pp. 3 – 4.

[10] *Id.*

[11] *Id.*

## MOTION FOR SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(C); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party…" *Id.*

The Western District of Louisiana's Local Rule 56.2 requires a party's opposition to a motion for summary judgment to include a "separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried." LR56.2 Additionally, "[a]ll material facts set forth in the statement required to be served by the moving party will be admitted, for purposes of the motion, unless controverted as required by this rule." *Id.* As the plaintiff has failed to timely submit a statement of uncontested material facts, the undersigned must accept the defendants' statement of uncontested facts [Doc. 13-1] as admitted.

## LAW & ANALYSIS

The defendants allege that because the plaintiff was trespassing in the Lake Charles Railyard, according to the relevant statute (La. Rev. Stat. Ann. § 14:63), Kingery and Stanley will only be held liable for the plaintiff's injuries if they were grossly negligent or committed an intentional act.

Louisiana Revised Statute § 14:63 provides, *inter alia*:

A. No person shall enter any structure, watercraft, or movable owned by another without express, legal, or implied authorization.

B. No person shall enter upon immovable property owned by another without express, legal, or implied authorization. . . .

H. The provisions of any other law notwithstanding, owners, lessees, and custodians of structures, watercraft, movable or immovable property shall not be answerable for damages sustained by any person who enters upon the structure, watercraft, movable or immovable property without express, legal or implied authorization, or who without legal authorization, remains upon the structure, watercraft, movable or immovable property after being forbidden by the owner, or other person with authority to do so; however, the owner, lessee or custodian of the property may be answerable for damages only upon a showing that the damages sustained were the result of the intentional acts or gross negligence of the owner, lessee or custodian.

"A railroad company owes no duty to one who enters a railroad without license, invitation, or other right, except after discovering his peril, the railroad must refrain from willfully or wantonly injuring a trespasser." *Anderson v. Illinois Cent. R. Co.*, no. 10-153, 2011 WL 1303865 (E.D. La., Apr. 4, 2011) (citing *Doyle v. Thompson,* 50 So.2d 505, 508 (La.App. 1 Cir.1951); *Rice v. Kansas City Southern Ry. Co.,* 194 So. 444 (La.App. 1 Cir.1940)). Further, the operator of a train will not be held liable if a plaintiff attempts to pass between the cars of a railroad train and is injured by the sudden and unexpected movement of the train, unless the plaintiff proves that those in charge of the train actually knew of his attempt to cross, or had

actual notice of his placing himself in danger. *Reno v. Yazoo & M.V.R. Ro.,* 70 So. 43 (La.1915); *Platt v. Vicksburg S. & Pacific Ry. Co.,* 64 So. 282 (La.1914).

In this case, the uncontested evidence shows that the plaintiff was trespassing through the Lake Charles Railyard, and that the plaintiff's injuries were not caused by either the gross negligence or intentional misconduct of Kingery or Stanley. Neither knew that the plaintiff was even in the railyard in the first place, and did not realize he had been injured until hours later. Accordingly,

**IT IS ORDERED** that the Partial Motion for Summary Judgment is **GRANTED**. The defendants Chris Stanley and John Kingery are hereby **DISMISSED** from the above-captioned case **WITH PREJUDICE**.

Lake Charles, Louisiana, this 5 day of June 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE