RECEIVED
IN LAKE CHARLES, LA
SEP 18 2013
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| CLARENCE WILLIAMS | CIVIL ACTION NO. 2:12-CV-01308 |
| Plaintiff | |
| V. | JUDGE MINALDI |
| UNION PACIFIC RAILROAD COMPANY, JOHN A. KINGREY, CHRIS D. STANLEY and XYZ INSURANCE COMPANY | MAGISTRATE JUDGE KAY |
| Defendants | |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [Doc. 16], filed by the defendant, Union Pacific Railroad (UP). The plaintiff, Clarence Williams, filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment [Doc. 20], to which the defendant has timely filed a reply [Doc. 23]. For the following reasons, the defendant's Motion for Summary Judgment is hereby **GRANTED**, and all claims against defendant are hereby **DISMISSED WITH PREJUDICE**.

### FACTS AND PROCEDURAL BACKGROUND

This case arises from injuries sustained by the plaintiff on the evening of April 21, 2011, in the UP railyard in Lake Charles, Louisiana.[1] The plaintiff, utilizing the railyard as a shortcut to reach his mother's home, was attempting to pass between two adjacent train cars when the train lurched forward and began moving along the track.[2] The plaintiff thereafter lost his footing and fell off and underneath the train, where the moving train severely injured him, ultimately

---

[1] Mem. in Opp. to Def.'s Mot. for Summ. J. [Doc. 20], at 1-2.
[2] *Id.* at 2.

1

resulting in the amputation of portions of both of his legs, as well as the entire loss of his left arm at the shoulder.[3] The plaintiff never saw any railroad employee, and, according to his deposition testimony, did not believe that any UP employee was aware of his presence in the railyard.[4]

The plaintiff filed a complaint in the Fourteenth Judicial Court of Calcasieu Parish, Louisiana, against UP, John A. Kingery, the train's engineer, Chris Stanley, the train's conductor, and XYZ Insurance.[5] The defendants timely filed a notice of removal on the basis of diversity jurisdiction.[6] Stanley and Kingery filed a Motion for Partial Summary Judgment [Doc. 13]. The court granted defendants Stanley and Kingery's Motion in a Memorandum Order [Doc. 15], dismissing them from the suit with prejudice. UP subsequently filed a Motion for Summary Judgment seeking dismissal of the plaintiff's suit in its entirety.[7]

## MOTION FOR SUMMARY JUDGMENT STANDARD

A grant of summary judgment is appropriate if, considering the pleadings, affidavits, and available discovery, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). "A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 896 (5th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). In considering a grant of summary judgment, a court shall "construe all facts and inferences in the light most favorable to the nonmoving party." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (citing *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005)). Further, a court "may not make credibility determinations or weigh the

---

[3] *Id.*
[4] Clarence Williams Deposition, Ex. B [Doc. 16-3], at 86.
[5] Pl.'s Compl., [Doc. 1-2], at 2-6.
[6] Not. of Removal, [Doc. 1].
[7] Mot. for Summ. J. [Doc. 16-1], at 8.

evidence." *Haverda v. Hays Cnty.*, No. 12-51008, 2013 U.S. App. LEXIS 14485, at *9 (5th Cir. July 17, 2013) (citations omitted).

"The moving party bears the burden of demonstrating that summary judgment is appropriate." *Horton v. C.C.A. Props. of Am., L.L.C.*, No. 12-20404, 2013 U.S. App. LEXIS 9358, at *8 (5th Cir. May 8, 2013) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, if the burden of proof is to be borne by the nonmoving party at trial, the moving party may meet its burden by identifying evidence in the record that negates an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.* If the movant, however, meets this burden, then the burden shifts to the nonmoving party to "designate specific facts showing that there is a genuine issue for trial." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

## LAW & ANALYSIS

The defendant argues that it owed no duty to the plaintiff in this case, as the plaintiff was essentially a trespasser.[8] Louisiana's criminal trespass statute states that no person shall enter upon the movable or immovable property of another without express, legal or implied consent. LA. REV. STAT. ANN. § 14:63(A)(B). As such, the defendant grounds its argument in the liability provision of Louisiana's criminal trespass law, which states that

> owners, lessees, and custodians of . . . movable or immovable property shall not be answerable for damages sustained by any person who enters upon . . . movable or immovable property without express, legal or implied authorization. . . .

---

[8] Reply to Pl.'s Opp. to UP's Mot. for Summ. J. [Doc. 23], at 1.

> [H]owever, the owner, lessee or custodian of the property may be answerable for damages only upon a showing that the damages sustained were the result of intentional acts or gross negligence of the owner, lessee or custodian.

LA. REV. STAT. ANN. § 14:63(H). The defendant thus asserts that, as plaintiff is unable to demonstrate either gross negligence or an intentional act on the part of the defendant, the defendant is not subject to liability for the plaintiff's injuries.

Defendant further points to a line of jurisprudence which addresses a railroad company's duty to those who have enter upon railroad premises without consent. In *Anderson*, a young boy used a hole in a chain link fence to gain access to a railyard. *Anderson v. Ill. Ctrl. R.R. Co.*, 475 Fed. Appx. 30, 31 (5th Cir. 2012). The boy subsequently slipped while trying to jump away from a slowly moving train, and the train ran over his foot, requiring the amputation of several toes and a portion of his foot. *Id.* The district court therein, relying on *Doyle v. Thompson*, 50 So. 2d 505 (La. Ct. App. 1951), found for the defendants on their motion for summary judgment, stating that a railroad "owes no duty under Louisiana law to someone 'on a railroad without license, invitation, or other right, except after discovering his peril, the railroad must refrain from willfully or wantonly injuring a trespasser.'" *Id.* (quoting *Doyle*, 50 So. 2d at 508). The Fifth Circuit affirmed, noting that, "[e]xcept for those areas designated for the public to cross the railway, a pedestrian has no right to be on the right-of-way, which is essentially private property." *Id.* at 32 (quoting *Clayton v. Ill. Cent. R.R. Co.*, 865 So. 2d 896, 901 (La. Ct. App. 2004)).

The plaintiff, however, argues that the trespass statute does not apply, as the defendant consented to the plaintiff's presence in the railyard.[9] To bolster this assertion, the plaintiff points to the fact that, while nearly the entirety of the railyard is surrounded by a chain link fence and

---

[9] Mem. in Opp. To Def.'s Mot. for Summ. J. [Doc. 20], at 4.

razor wire, the area where the plaintiff gained access was unobstructed.[10] Furthermore, the plaintiff asserts that this area was a "common crossing point" for area residents, and that "this is a fact that is well known to defendants."[11] However, the plaintiff points to nothing in the record that supports this claim regarding the defendants' knowledge. Moreover, the plaintiff cites to no legal authority which would support the claim that the combination of the absence of a barricade and a private property owner's awareness of persistent trespasses to his property equates to consent or authorization, implied or otherwise.

The plaintiff further relies on a Louisiana Third Circuit case, *Perrin v. Randy Tupper Homes*, 21 So.3d 474 (La. Ct. App. 2009). In *Perrin*, the plaintiff, a woman looking to purchase a new home, injured herself by falling off of a makeshift wooden pallet walkway as she approached a home which bore a sign advertising the real estate company listing the property, thus indicating the home was for sale. *Id.* at 474. In evaluating whether the defendant was insulated under the provisions of LA. REV. STAT. ANN. § 14:63(H), the court held that the plaintiff was not a trespasser. *Id.* at 475. In so doing, the court relied on LA. REV. STAT. ANN. § 14:63(F), which states:

> The following persons may enter or remain upon immovable property of another, unless specifically forbidden to do so by the owner or other person with authority, either orally or in writing: (3) Any person making a delivery, licensee or other person who has a legitimate reason for making a delivery, conducting business or communicating with the owner, lessee, custodian or a resident of the immovable property, and who, immediately upon entry, seeks to make the delivery, to conduct business or to conduct the communication.

*Perrin*, 21 So.3d at 475 (quoting LA. REV. STAT. ANN. § 14:63(F)(3)). Thus, the plaintiff in *Perrin* was found not to be a trespasser under the statute because she "had a legitimate reason to be on the property, i.e. they were looking at the property as prospective home buyers." *Id.* It

---

[10] *Id.* at 4-5.
[11] *Id.*

5

seems to the court that this very reasonable provision is meant to protect delivery persons, door-to-door salesmen, census workers and the like, and to prevent such persons from being subject to LA. REV. STAT. ANN. § 14:63(H) which requires an intentional act or gross negligence in order for a trespasser to recover from a landowner. Applying this reasoning to the present case, the plaintiff herein would not fall under the rationale set forth in *Perrin* because he had no statutorily recognized legitimate purpose for being on the property.

Furthermore, the plaintiff makes much of the fact that there were insufficient warning signs or "No Trespassing" signs posted.[12] Again, the proposed significance of this fact is predicated on a misreading of *Perrin*. The *Perrin* court did indeed find it legally significant that there were no written or oral warnings given to the plaintiff therein; however, again, that significance was based on the fact that the *Perrin* plaintiff had a legitimate and statutorily recognized right to be there. *See Perrin*, 21 So. 3d at 476. The plaintiff here, however, had no such purpose, and as such, as a trespasser, the plaintiff herein is not entitled to the same degree of protection under the statute.

The plaintiff acknowledges that "[f]or the most part, the rail yard has barriers in the form of fencing and trees that prevent access by the general public," most of which are "equipped with razor wire . . . as an additional deteren[t]."[13] Thus, the defendant clearly intended to prevent the entry of the public onto the railyard. Even if the defendant's efforts in erecting a fence around the majority of the railyard were insufficient warning to the public, "Louisiana courts have long stated that '[t]he very presence of a railroad track is a solemn warning.'" *Anderson*, 475 Fed. Appx. at 32 (quoting *Perry v. Louisiana & A. Ry. Co.*, 142 So. 736, 741 (La. Ct. App. 1932)). Moreover, the plaintiff's consent argument is undercut by his own deposition testimony which

---

[12] Mem. in Opp. to Def.'s Mot. for Summ. J. [Doc. 20].
[13] *Id.* at 4.

indicates that he knew the railyard was private property, and had he seen a railroad employee he would have expected them to eject him from the railyard.[14] Under these circumstances, is seems clear that the plaintiff was a trespasser, subject to the provisions of LA. REV. STAT. ANN. § 14:63(H). As such, the defendant may only be held liable for intentional acts or gross negligence, neither of which is shown here.

## JUDGMENT

For the foregoing reasons, the defendant's Motion for Summary Judgment [Doc. 16] is **GRANTED**, and all claims against the defendant are hereby **DISMISSED WITH PREJUDICE.**

Lake Charles, Louisiana, this 17 day of September 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[14] Clarence Williams Deposition, Ex. B [Doc. 16-3], at 76, 96.